UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------------------------------x

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Crim. No. 3:21CR106 (RNC) |
| | : | |
| v. | : | |
| | : | |
| HECTOR TORRES | : | March 9, 2023 |
| | : | |

------------------------------------------------------x

## FINDINGS AND RECOMMENDATION ON A PLEA OF GUILTY

The captioned matter was referred to the undersigned and a hearing pursuant to Fed. R. Crim. P. 11 was conducted on March 8, 2023, in person and on the record, with the written consent of the defendant, counsel for the defendant and counsel for the United States, regarding the defendant's request to enter a plea of "Guilty" to Counts One, Three and Four of the Indictment in this matter charging him with: Coercion and Enticement of a Minor to Engage in Sexual Activity in violation of 18 U.S.C. § 2422(b)(Counts One and Three) and Production of Child Pornography in violation of 18 U.S.C. §§ 2251(a) and 2251(e). Based upon the answers given by the defendant under oath and in the presence of counsel; the remarks of defense counsel and counsel for the government; the written representations in the plea agreement, and the plea petition prepared by the defendant with the assistance of counsel, I find the following:

- That the defendant understands he was under oath and that to the extent he provides any false statements, he understands he may be prosecuted by the government for perjury or making a false statement and that the government may use the substance of those statements in any such prosecution;

- that the defendant is competent to plead and understands his right to plead not guilty, and

1

having already so pleaded, his right to persist in that plea;

- that he understands the nature of the charges against him in Counts One, Three and Four of the Indictment to which he pleaded guilty;

- that he knows he has the right to be represented by counsel at trial and at every other stage of the proceeding, and, if necessary, have the court appoint counsel at no cost to him, and is satisfied with his current counsel;

- that he understands his right to trial by jury, including the right to confront and cross-examine adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses, and that he understands he would be giving up these rights if he pleaded guilty and the Court accepts that plea;

- that he knows the maximum period of imprisonment that could be imposed as to each count of conviction as well as the mandatory minimum period of imprisonment applicable to the offenses of conviction, the mandatory minimum and maximum periods of supervised release that could be imposed, the consequence of a violation of supervised release, the maximum potential fine that could be imposed as to each count of conviction, the mandatory special assessment of $100.00 per count of conviction for a total of $300 and that the Court has the authority to order restitution.  The defendant also knows that the Court has the authority to order forfeiture as part of the sentence to be imposed in this case, though the parties noted for the record that forfeiture is not at issue in the plea agreement in this matter.  Further, the defendant understands that, pursuant to 18 U.S.C. §2259A(a)(3), he may be subject to an additional assessment of up to $50,000 as to Count Four of the indictment dependent upon the application of certain statutory factors and that he is further obligated under 18 U.S.C. §3014 to pay an additional special assessment of $5000 unless the Court finds that he is indigent.

- That the defendant understands and accepts the terms of the plea agreement he entered with

the government.

- That the defendant understands his appeal rights and that the parties have reserved their rights to appeal the sentence imposed by the Court.

- that he knows that the Court is obligated to consider the advisory sentencing guidelines range, possible departures under the sentencing guidelines, and other sentencing factors under applicable sentencing law, and that any factual disputes at sentencing will be resolved by the Court by a preponderance of the evidence;

- that he understands the potential immigration consequences of a felony conviction if he were not a United States citizen, and that he understands the other collateral consequences of a felony conviction;

- that he knows he will not be permitted to withdraw his plea of guilty if the calculation of the sentencing guidelines or the sentence ultimately imposed is other than he anticipates;

- that the defendant understands the elements of the offenses to which he pleaded guilty, which the government is required to prove beyond a reasonable doubt at a trial, and that there is a factual basis for the defendant's plea as to Counts One, Three and Four of the Indictment; and

- that the defendant's waiver of rights and plea of guilty have been knowingly and voluntarily made, are of his own free will, were not coerced and were not the product of any other promises other than those contained in the plea agreement.

The Court also finds that, based on the representations of government counsel, there are parties who had rights in regard to this proceeding under 18 U.S.C. § 3771 and that those parties were given notice of the Rule 11 proceeding and of the proposed disposition of this matter.

Accordingly, I hereby RECOMMEND that the defendant's plea of guilty to Counts One, Three and Four of the Indictment, that is, violation of 18 U.S.C. § 2422(b)(Counts One and Three), and 18 U.S.C. §§ 2251(a) and 2251(e)(Count Four) be accepted.

Dated this 9th day of March, 2023, at Bridgeport, Connecticut.

/s/ S. Dave Vatti

S. Dave Vatti,
United States Magistrate Judge